UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 12 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

R.D. Ryno, Jr.; Billy George Seward; )
Matthew Pallone; Kodjovi Martial Haden; )
and Obriant Webb, )
)
Plaintiffs, )   COMPLAINT FOR DECLARATORY
)   and HABEAS CORPUS RELIEF
v. )   JUDGMENT
)
UNITED STATES ATTORNEY and )
UNITED STATES DISTRICT COURT )   CASE NUMBER 1:06CV00671
FOR THE NORTHERN DISTRICT OF )
TEXAS, )   JUDGE: Richard J. Leon
)
)   DECK TYPE: Habeas Corpus/2255
Defendants. )
)   DATE STAMP: 04/  /2006

Handwritten annotations: #21953-077, #32204-177, 34574-177, -32752-177, 33605-177, POB 9000, SEAGOVILLE, TEXAS 75159

**The above named Plaintiffs allege:**

### I. JURISDICTION

1.   This action, a federal question pursuant to 28 U.S.C. §§ 1331 and 1651, all writs act, arises under the United States Constitution Article III § 2 and the unconstitutional use of laws of the United States for which judgment for declaratory and habeas relief are sought pursuant to 28 U.S.C. §§ 2201, 2202 and 2241, as hereinafter more fully appears.

### II. PLAINTIFFS' STANDING

2.   On August 6, 1997, Plaintiff R.D. Ryno, Jr., currently incarcerated at the Federal Correctional Institution (FCI), P.O. Box 9000, Seagoville, Texas 75159, was indicted by a federal grand jury for violations of United States law, Title 18 U.S.C. § 3146(a)(2) and (b)(A)(ii) that allegedly occurred in the state of Texas – see Exhibit I.

3.   On December 1, 2004, Plaintiff Billy George Seward, currently incarcerated at the FCI, P.O. Box 9000, Seagoville, Texas 75159, was indicted by a federal grand jury for violations

of United States law, Title 21 U.S.C. §§ 891, 992(1) and 924(a) that allegedly occurred in the state of Texas – see Exhibit II.

4.    On July 20, 2005, Plaintiff Matthew Pallone, currently incarcerated at the FCI, P.O. Box 9000, Seagoville, Texas 75159, was indicted by a federal grand jury for violations of the United States law, Title 21 §§ 846 and 841 that allegedly occurred in the state of Texas – Exhibit III.

5.    On April 15, 2005, Plaintiff Kodjovi Martial Haden was arrested; currently incarcerated at FCI, P.O. Box 9000, Seagoville, Texas 75159, was indicted May 4, 2005 by a federal grand jury and said indictment was superceded November 16, 2005 for violations of United States laws Title 18 §§ 513, 471, 1028 and 371 – see Exhibit IV.

6    On or about November 23, 2004, Plaintiff Obriant Webb was arrested; currently incarcerated at FCI, P.O. Box 9000, Seagoville, Texas 75159, was indicted by federal grand jury November 3, 2004 for violations of United States laws Title 21 U.S.C. § 846 – see Exhibit V.

### III.  COMPLAINT CONTROVERSY

7.    The above named defendants, hereinafter referred to as USA, individually, severally and/or in concert with each other, under color of United States federal statutes, have indicted, incarcerated and are currently attempting to prosecute the Plaintiffs for violations of United States law as allegedly committed in Texas, but not on territory or other property subject to the jurisdiction of the United States, and alleged in the respective indictments hereto, with the unconstitutional use of "federal statutes" which apply only to the federal "states" as defined by Federal Rules of Criminal Procedure (F.R.Cr.P.) Rule 1(b)(9), therefore, the United States District Court for the Northern District of Texas lacks venue and subject matter jurisdiction to adjudicate the violations alleged.

## IV. STATEMENT OF FACTS AND LAW

8.  At the time of each Plaintiff's arraignment proceeding, each Plaintiff respectively, pled "not guilty"; excepting Plaintiff Haden who pled "the blood of Jesus Christ."

9.  On the dates stated on the Certificates of Service sent to and/or filed with the Defendants, the Plaintiffs all moved the Defendant court and/or the Defendant U.S. Attorney to Show Cause why the court does not lack subject matter jurisdiction or to dismiss the action – see Exhibit VI.

10.  Depending as to whether the court denied the Dismiss or Show Cause Motion, sua sponte, and/or the Defendant U.S. Attorney filed a reply brief pursuant to an Order to Show Cause, the Plaintiff's individually filed with the counsel and the Clerk of the Court their brief in response – see Exhibit VII incorporated herein by reference as if fully set forth.

11.  Incorporating paragraphs 1 through 10 by reference as if fully set forth herein, the Plaintiff's further allege that the following statements as they relate to the Constitution, statutes, and F.R.Cr.P. are true and correct:

   i)  the term "district court of the United States" as appears in 18 U.S.C. § 3231, references Article III Constitutional Courts as constituted by 28 U.S.C. chapter 5, and with specificity, does not include the United States District Court for the Northern District of Texas (USDC, NDT);

   ii)  the term "United States district courts" in F.R.Cr.P. Rule 1(a)(1), which formerly appeared in the 2002 Edition of the Rule 1 as "courts of the United States", include the same "district court of the United States", as referenced in 18 U.S.C. § 3231;

   iii)  the Title 18 U.S.C. §§ 5, 7 and 23 defining "United States", "maritime and territorial jurisdiction" and "courts of the United States", respectively, as they apply to establish

jurisdiction for violations of law delineated in the subject indictments under Titles 18 and 21, limits the adjudication of said violations to "courts of the United States" located in the federal "states" as the term "state" is defined by F.R.Cr.P. Rule 1(b)(9);

iv) the Titles 18 and 21 violations alleged as encompassed by the former F.R.Cr.P. Rule 54(c) as appears on page 200 of the Rules 2005 Edition, "Act of Congress", now referred to as "federal statutes" are intended pursuant to the controlling jurisdiction statutes 18 U.S.C. §§ 5, 7 and 23 combined with § 3231, to be justiciable in the "states" as the term "state" is defined by Rule 1(b)(9);

v) other than in a territory, a "trial by jury" may only be enjoyed in a court, district court, or district court of the United States established by chapter 5 of Title 28, as the terms "court", "district court" and "district court of the United States" are defined in 28 U.S.C. § 1869(f);

vi) the "Verdict" of guilt that may be derived from a trial by jury under F.R.Cr.P. Rule 31, codified as 18 U.S.C. § 3531, applies to trials and convictions for violations of United States law that are exclusively justiciable in the "courts of the United States" located in the federal "states" defined by F.R.Cr.P. Rule 1(b)(9) for "proceedings" as delineated in F.R.Cr.P. Rule 1(a)(2);

vii) to be "found guilty" pursuant to 18 U.S.C. § 3673 for the violations alleged in the subject indictments that occurred in the state of Texas on which an "authorized sentence" could be imposed under 18 U.S.C. § 3551, the Plaintiffs, individually would have to volunteer to enter a plea of "guilty", or plea "nolo contendre" and said plea be accepted by the court pursuant to § 3673;

viii) the Federal Rules of Criminal Procedure et seq., do not apply and/or provide a

procedure with which to adjudicate the subject violations of United States law allegedly committed by the Plaintiffs in the state of Texas, but do "expressly" apply to the federal "states" as defined in F.R.Cr.P. Rule 1(b)(9);

ix) the USDC, NDT constituted circa 1845/1879 by 29th and 45th Congress respectively is not a district court constituted by chapter 5 of Title 28, Act of June 25, 1948, c. 646, § 1, 62 Stat. 869;

x) the word "includes" as used in 28 U.S.C. §§ 1404(d) and 1406(c) is construed as one of limitation;

xi) if the word "includes" as used in 28 U.S.C. §§ 1404(d) and 1406(c) is construed as one of enlargement, the definitions "district court" and "district" is limited to the definition of district court and district as found in 28 U.S.C. § 451.

## V. RELIEF SOUGHT

12. Incorporating paragraphs 1 through 11 by reference as if fully set forth herein, the Plaintiffs request that the court grant a declaratory judgment as follows:

a) That Defendant United States District Court for the Northern District of Texas lacks subject matter jurisdiction to grant the Defendant United States Attorney authority to proceed with the prosecution of the Plaintiffs' respective indictments;

b) That due to the court's lack of subject matter jurisdiction, the subject indictments must be dismissed, with prejudice;

c) That the statements made as they relate to the Constitution, statutes and Federal Rules of Criminal Procedure incorporated in paragraph 11 are either individually, jointly or severally adjudged as being true and/or a correct interpretation;

13. Incorporating paragraphs 1 through 12 by reference as if fully set forth herein, grant a 1651 Writ or 28 U.S.C. § 2241 Writ for Habeas Relief and monetary judgment as follows:

a) Order the Attorney General of the United States and/or the Bureau of Prisons to release the Plaintiffs from prison forthwith;

b) Order the Defendant U.S.A. to compensate the Plaintiffs for the false imprisonment to date as the court deems proper;

c) Order what further relief the court deems proper.

Dated: April 6, 2006

*R.D. Ryno Jr. (signature)*
R. D. Ryno, Jr.
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362-2506
Fax: (866) 351-3309

*Billy G. Seward (signature)*
Billy G. Seward
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362-2506
Fax: (866) 351-3309

*Matthew Pallone (signature)*
Matthew Pallone
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362-2506
Fax: (866) 351-3309

*Kodjovi M. Haden (signature)*
Kodjovi M. Haden
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362-2506
Fax: (866) 351-3309

*Obriant Webb (signature)*
Obriant Webb
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362-2506
Fax: (866) 351-3309

## **VERIFICATION**

I, R. D. Ryno, Jr., declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated the 6th day of April, 2006

*/s/ R D Ryno Jr.*
R. D. Ryno, Jr.


I, Billy George Seward, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated the 6th day of April, 2006

*/s/ Billy Seward*
Billy George Seward


I, Matthew Pallone, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated the 6th day of April, 2006

*/s/ Matthew Pallone*
Matthew Pallone


I, Kodjovi Martial Haden, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated the 6th day of April, 2006

*/s/ Kodjovi Martial Haden*
Kodjovi Martial Haden


I, Obriant Webb, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated the 6th day of April, 2006

*/s/ Obriant Webb*
Obriant Webb

## CERTIFICATE OF SERVICE

I, Denise V. Reese, do hereby declare under penalty of perjury, that I am a citizen of the United States, over the age of 18 and not party to the action, and that I filed a true and correct copy of the above **COMPLAINT FOR DECLARATORY and HABEAS CORPUS RELIEF JUDGMENT**, by placing with United States Postal Service Certified Mail # 7005 1820 0006 3627 4902 with postage paid to:

Clerk of the Court
U.S.D.C. for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Executed this 6th day of April, 2006.

_____
Denise V. Reese