**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **R.D. RYNO, Jr. et. al.,** | : | |
| **Petitioners** | : | |
| | : | **Civil Action No. 06-00671 (RJL)** |
| **v.** | : | |
| | : | |
| **UNITED STATES ATTORNEY, et.al.,** | : | |
| **Respondents** | : | |

**UNITED STATES' MOTION TO TRANSFER**
**PETITIONERS' PETITION FOR A WRIT OF HABEAS CORPUS**

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their motion to transfer the petitioners' pro se petition for a writ of habeas corpus to the United States District Court for the Northern District of Texas. In support of their petition for a writ of habeas corpus, the petitioners challenge the legality of their respective convictions by asserting that the United States District Court for the Northern District of Texas lacked venue and subject matter jurisdiction over their respective criminal cases. In essence, this petition is the petitioners' first motion for post-conviction relief under 28 U.S.C. § 2255, and therefore should be transferred to the petitioners' court of conviction. However, before the Court can construe the petitioners' petition as a motion filed under 28 U.S.C. § 2255, this Court must advise the petitioners of the consequences of the characterization, and allow the petitioners an opportunity to respond. See, e.g., Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Palmer, 296 F.3d 1135, 1146 (D.C. Cir. 2002).

**BRIEF PROCEDURAL HISTORY**

**A. Petitioner R. D. Ryno**

On May 8, 2006, petitioner Ryno was convicted by a jury, in the United States District

Court for the Northern District of Texas, of one count of failure to appear, in violation of 18 U.S.C. §§3146(a)(2) and (b)(A)(ii) in Crim. No. 97-00262. On August 1, 2006, petitioner Ryno was sentenced to a term of imprisonment of 18 months to run consecutive to the sentence imposed in Crim. No. 95-357, followed by a term of 3 years supervised release. On August 8, 2006, petitioner Ryno filed a timely notice of appeal.

**B. Petitioner Billy George Seward**

On February 2, 2006, petitioner Seward pled guilty, in the United States District Court for the Northern District of Texas, to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) in Crim. No. 04-00023. On May 17, 2006, petitioner Seward was sentenced to an aggregate term of imprisonment of 120 months, followed by a term of 4 years supervised release. On May 17, 2006, petitioner Seward filed a timely notice of appeal.

**C. Petitioner Matthew Pallone**

On March 14, 2006, petitioner Pallone pled guilty, in the United States District Court for the Northern District of Texas, to one count of conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846, in Crim. No. 05-00186. On November 27, 2006, petitioner Pallone was sentenced to a term of imprisonment of 132 months, followed by a term of 5 years supervised release.

**D. Petitioner Kodjovi Marshall Haden**

On December 14, 2005, petitioner Haden was convicted by a jury, in the United States District Court for the Northern District of Texas, of one count of conspiracy, in violation of 18

U.S.C. § 371, two counts of making and possessing a counterfeited security, in violation of 18 U.S.C. § 513(a), one count of counterfeiting securities of the United States, in violation of 18 U.S.C. § 471, one count of possession of false identification documents, in violation of 18 U.S.C. § 1028(f), and one count of aggravated identity theft, in violation of 18 U.S.C. §1028A in Crim. No. 05-00109. On March 9, 2006, petitioner Haden was sentenced to an aggregate term of imprisonment of 132 months, followed by a term of 3 years supervised release, and was ordered to pay $292,400 in restitution. On March 20, 2006, petitioner Haden filed a timely notice of appeal.

**E. Petitioner Obriant Webb**

On September 28, 2005, petitioner Webb was found guilty by a jury, in the United States District Court for the Northern District of Texas, of one count of conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846 in Crim. No. 04-00334. On March 13, 2006, petitioner Webb was sentenced to a term of imprisonment of 212 months, followed by a term of 5 years supervised release. On March 20, 2006, petitioner Webb filed a timely notice of appeal.

## ARGUMENT

**I. Habeas Petition Should Be Construed As § 2255 Motion**

The petitioners' petition must be transferred to the United States District Court for the Northern District of Texas, the court in which they were convicted. Although the petitioners have styled their claim for relief as a petition for a writ of habeas corpus and for declaratory relief, and not as a Section 2255 motion, it is well settled that the caption of a pleading is not determinative of the nature of the relief sought. Thus, the federal circuit courts of appeal have uniformly held

that pleadings which are the functional equivalent of a Section 2255 motion must be treated as such, regardless of the caption of the pleading. See, e.g., United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (treating motion under Declaratory Judgment Act as Section 2255 motion); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (treating Section 2241 habeas petition as Section 2255 motion); cf. Brennan v. Wall, 100 Fed.Appx. 4, 5 (1st Cir.) (treating motion filed under 28 U.S.C. § 1651 as § 2254 motion), cert. denied, 543 U.S. 908 (2004); Byrd v. Bagley, 37 Fed.Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254"); Burris v. Parke, 130 F.3d 782, 783 (7th Cir.) (treating motion to recall mandate as Section 2254 motion), cert. denied, 522 U.S. 990 (1997); In Re Sapp, 118 F.3d 460, 464 (6th Cir.) (treating complaint under 42 U.S.C. § 1983 as Section 2254 motion), cert. denied, 521 U.S. 1130 (1997); Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir.) (per curiam) (treating Section 2241 habeas petition as Section 2254 motion), cert. denied, 519 U.S. 1103 (1997); Felker v. Turpin, 101 F.3d 657, 661 (11th Cir.) (treating Rule 60(b) motion as Section 2254 motion), cert. denied, 519 U.S. 989 (1996).

In this case, the petitioners are challenging the legality of their convictions, and not the manner in which their sentences have been executed. However, it is well settled that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined . . . [whereas] a 28 U.S.C. § 2255 [motion] attacks the legality of detention . . . and must be filed in the district that imposed sentence." Bradshaw v. Story, supra, 86 F.3d at 166; Milton v. Wiley, 2006 WL 3706057, *1 (10th Cir. December 18, 2006); see also Perkins v. Henderson, 881 F.Supp. 55, 59 n.4 (D.D.C. 1995) ("'It

is well settled in this jurisdiction and elsewhere that Section 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement.'") (quoting Hartwell v. United States, 353 F.Supp. 354, 357-58 (D.D.C. 1972)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing). Accordingly, this Court should properly treat the petitioners' habeas petition, which solely challenges the legality of their convictions, as a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, rather than as a habeas petition filed pursuant to 28 U.S.C. § 2241.

Additionally, the petitioners have styled their claim for relief as a complaint for declaratory relief, presumably pursuant to the Declaratory Judgment Act. It is well settled that the Declaratory Judgment Act is not a proper vehicle in which to attack the validity of a conviction or sentence. See LoBue v. Christopher, 82 F.3d 1081, 1082 (D.C. Cir. 1996) (a declaratory judgment suit can not substitute for a habeas action); Clark v. Memolo, 174 F.2d 978, 981 (D.C. Cir. 1949) ("action for declaratory judgment is not suitable and does not lie . . . as a substitute for a motion to vacate or to correct the sentence in the court where it was imposed"); see also United States v. Gutierrez, supra, 116 F.3d at 416 ("the Declaratory Judgment Act is not a substitute for a § 2255 motion to correct a sentence"); Johnson v. Onion, 761 F.2d 224, 226 (5th Cir. 1985) (declaratory relief is not available to attack a criminal conviction); Sobell v. Attorney General, 400 F.2d 986, 988 (3rd Cir. 1968) (petitioner had to challenge the validity of his sentence in the original sentencing court under § 2255, not in another court under the Declaratory Judgment Act), cert. denied, 393 U.S. 940 (1968); Gajewski v. United States, 368 F.2d 533, 534 (8th

Cir.1966) (per curiam) ("[W]e are unaware of any authority which would permit the [Declaratory Judgment Act] to be used as a post-conviction remedy."), cert. denied, 386 U.S. 913 (1967); Forsythe v. Ohio, 333 F.2d 678, 679 (6th Cir.1964) (per curiam) ("[T]he Declaratory Judgment Act ... cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures...."). In this case, because the petitioners are challenging the validity of their convictions and sentences, it is clear that relief is not available pursuant to the Declaratory Judgment Act, and that such a challenge may only be brought, pursuant to 28 U.S.C. 2255, in the the district court that sentenced them.

Accordingly, because the instant petition constitutes the petitioners' first Section 2255 motion, this Court should transfer this petition to the United States District Court for the Northern District of Texas, the court in which they were convicted. See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct sentence.") (emphasis added).[1]

## II. Petitioners Should Be Given An Opportunity to Respond To Re-Characterization Under Section 2255

The Court may characterize petitioners' petition as a § 2255 motion only if the Court informs the petitioners of its intent to characterize the petition under § 2255, "warns the litigant

---

[1]Before transferring the petition, however, this Court should give the plaintiffs notice of the proposed transfer and an opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988) (prior to transfer, court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro, 540 U.S. at 376; see also Palmer, 296 F. 3d at 1146 (the district court "may recharacterize a post-conviction motion made under another rule of law as a § 2255 only if it first ensures that the movant is fully informed of § 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion"). Thus, the petitioners should be given the following warnings concerning the consequences that may result from the characterization of their petition as a §2255 motion, and give them an opportunity to withdraw their petition if they wish to avoid these consequences.

First, 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be brought in a single motion. A second or successive § 2255 motion must be certified by the appropriate U.S. Court of Appeals. 28 U.S.C. § 2255 ¶ 8. The Court of Appeals will not authorize a second or successive § 2255 motion unless it contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable. Id.

Second, the petitioners should be advised that § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6. The one year period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the impediment to making a motion created by governmental action in violation of the Constitution

of the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Finally, if the petitioners' petition is characterized as a § 2255 motion, they must be given the opportunity to withdraw the instant petition before it is so characterized. Additionally, the petitioners should be warned that any motion attacking the legality of their conviction or sentence will be subject to the restrictions of § 2255.

## CONCLUSION

**WHEREFORE**, the federal respondents respectfully request that, for the above-stated reasons, the petitioners' petition be characterized as a § 2255 motion, and that they be allowed to either withdraw the instant petition or agree to let the petition be characterized as a § 2255 motion within 60 days of the date this Court orders the petitioners to make such a choice. If the petitioners allows their petition to be characterized as a § 2255 motion, the federal respondents request that this Court transfer the petitioners' petition to the United States District Court for the Northern District of Texas as a motion made pursuant to 28 U.S.C. § 2255.

A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

/s/ Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

/s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the instant motion has been filed electronically with the Court and served by mail upon the petitioners, R.D. Ryno, Jr., Fed. Reg. 27953-077, Matthew Pallone, Fed. Reg. # 33605-177, Kodjovil Haden, Fed. Reg. # 33457-177, F.C.I. Seagoville, Federal Correctional Facility, P.O. Box 9000, Seagoville, Texas, 75159, and Billy George Seward, Fed. Reg. #32204-177, FCI Texarkana, Federal Correctional Facility, P.O. Box 7000, Texarkana, Texas, 75505, and Obriant Webb, Fed. Reg. # 32752-177, F.M.C. Devens, Federal Medical Center, P.O. Box 879, Devens, Massachusetts 01434, this 5th day of January, 2007.

/s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney