**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **R.D. RYNO, Jr. et. al.,** | **:** | |
| **Petitioners** | **:** | |
| | **:** | **Civil Action No. 06-00671 (RJL)** |
| **v.** | **:** | |
| | **:** | |
| **UNITED STATES ATTORNEY, et.al.,** | **:** | |
| **Respondents** | **:** | |

**ORDER**

After reviewing the petitioners' petition and the government's response, this Court

believes that the claims in petitioners' petition may only be raised in a motion filed pursuant to

28 U.S.C. § 2255. Therefore, this Court intends to construe the petitioners' petition as a § 2255

motion. However, before I take this action, I need to inform the petitioners of some of the

consequences that may result from the characterization of their petition, and give the petitioners

an opportunity to withdraw their petition if they wish to avoid these consequences. Therefore, I

am providing the petitioner with the following advisement pursuant to United States v. Castro,

540 U.S. 375 (2003), and United States v. Palmer, 296 F.3d 1135 (D.C. Cir.2002).

First, the law related to § 2255 motions requires all claims challenging the legality of a

conviction or sentence be brought in a single motion. If I characterize your petition as a § 2255

motion, you will not be able to file any more motions challenging your conviction or sentence

unless the appropriate U.S. Court of Appeals authorizes you to file such a motion. In this regard,

you should be aware that the Court of Appeals will not authorize you to file a second or

successive § 2255 motion unless the motion contains: (1) newly discovered evidence that would

establish, by clear and convincing evidence, that you are not guilty of the offense for which you

were convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable

to cases on collateral review.

Second, if I characterize your petition as a § 2255 motion, you will be subject to the one year period of limitation contained in § 2255. This period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which your conviction becomes final; (2) the date on which any governmental interference preventing you from filing such a motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting your claims could have been discovered if you acted with reasonable diligence.

Third, because of the consequences that may result if I characterize your petition as a § 2255 motion, I will afford you the opportunity to withdraw your petition before I characterize it as a § 2255 motion. In the event that you decide to withdraw your petition and file another motion in its place, please be aware that any motion attacking your conviction or sentence will be subject to the restrictions on § 2255 motions that I have described in the paragraphs above.

Accordingly, you will have 60 days after the date of this order in which to inform the Court whether you wish to withdraw your petition or have me characterize it as a § 2255 motion. If I do not receive your response within that time period, I will characterize your petition as a motion filed under 28 U.S.C. § 2255.

Furthermore, if this Court characterizes the petitioners' petition as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the federal respondents' motion to transfer the plaintiffs' petition will be granted and the petition will be transferred to the United States District Court for the Northern District of Texas.

**SO ORDERED**, this _____day of _____,2007.


                                                  _____
                                                  Richard J. Leon
                                                  United States District Court Judge


Copies To.

R.D. Ryno, Jr.
Fed. Reg. # 27953-077
Matthew Pallone
Fed. Reg. # 33605-177
Kodjovi Haden
Fed. Reg. # 33457-177
F.C.I. Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159

Billy George Seward
Fed. Reg. # 32204-177
F.C.I. Texarkana
Federal Correctional Institution
P.O. Box 7000
Texarkana, TX 75505

Obriant Webb
Fed. Reg. # 32752-177
F.M.C. Devens
Federal Medical Center
P.O. Box 879
Devens, MA 01434

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530