UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| R. D. Ryno, Jr., et. al., | ) | Civil Action No. 1:06-CV-00671 (RJL) |
| Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA, et. al., | ) | |
| Defendants. | ) | |

REQUEST FOR RULING ON RECONSIDERATION;
OBJECTION TO ORDER

I

REQUEST FOR RULING

Plaintiffs respectfully request this court rule on Plaintiffs "Motion for Reconsideration of Denial of Demand for Habeas Corpus and the Granting of United State's Petition for Extension of Time" filed on January 3, 2007 by placing in the United States mail, wherein Plaintiffs pointed out referral to the United States Attorney of Plaintiffs Complaint seeking declaratory relief was inappropriate, and plaintiffs are prejudiced by delay.

II

OBJECTION TO ORDER

Plaintiffs incorporate reasons for ruling as set forth in Section I as if fully set forth in this Section, and Plaintiffs object to this Courts Order of January 8, 2007 for the following reasons, to wit:

1. this Court, determining Plaintiffs interpretation of the law is correct and their Constitutional rights violated as set forth in their Complaint, considered by this Court for seven months and that habeas relief was appropriate remedy, should have issued the writ and not ordered non-party United States to

Exhibit A

show cause;

2. this Court is without discretion to order a show cause in excess of 20 days as mandated by Congress at 28 USC §2243, and this Court lost jurisdiction upon so doing and order is void, and, if jurisdiction is determined to exist, then;

3. the Clerk of this Court and the United States Marshal, ordered to serve the show cause order, should be ordered to show cause why they should not be found in contempt of this Court's order for failing to serve the United States Attorney, to the prejudice of Plaintiffs;

4. Plaintiffs did not file a Petition, rather a Complaint and paid a $350 fee for same as opposed to a $5 fee for a Petition, and are therefore entitled to a directed judgment in their favor and this court is prohibited from construing Complaint as a Habeas Corpus Petition of any nature;

5. Plaintiffs requested relief -- if this Court found for Plaintiffs, which it did -- in the nature of Habeas Corpus citing, First, 28 USC §2202, then Second, habeas relief under 28 USC §2241; therefore, this Court <u>may</u> <u>not</u> construe Complaint as a §2255, habeas relief <u>not</u> being sought in first instance, as pleadings filed with this Court clearly evidence -- declaratory relief was sought for purpose of appeal within the Fifth Circuit;

6. this Court, appearing to Plaintiffs as possessing authority under Article III of the United States Constitution, is one of only two district courts in the Continental United States contemplated and authorized by Congress under 28 USC §§ 2201, 2241 to hear and decide declaratory relief actions or a habeas Petition, no other United States District Court within a state being ordained as an Article III court nor being established pursuant to Chapter 5 of Title 28, and specifically the United States District Court for the Northern District of Texas, said court being established by 1 Stat 9 of the Judiciary Act of 1789 as an Article I court in 1845/1879, and therefore transfer of Complaint is prohibited for want of Congressional authority and violates Plaintiffs rights to due process of law.

Ex. A2

In the event this court denies Reconsideration and overrules Objections and determines Complaint to be a Petition pursuant to 28USC §2255, and transfers Complaint, this Court, by so doing, declares:

1. the United States District Court for the Northern District of Texas (USDCNDT) is ordained and established pursuant to Article III of the Constitution of the United States;

2. the USDCNDT is established by Chapter 5 of Title 28 USC and is a "district court of the United States" and a "court of the United States" as those terms are used in §§ 2241 and 2201 respectively, and defined in 28USC 451.

CONCLUSION

This court is without authority to transfer Plaintiffs Complaint to a non-Article III Court.

Plaintiffs are entitled to a ruling on this motion for reconsideration to result in a declaratory judgment in their favor so they may effect appeal. However, since this Court has found Plaintiffs rights are violated and are entitled to relief, the writ should issue, forthwith.

Dated: _1-28-2007_

Respectfully submitted by,

_R. D. Ryno, Jr._
R. D. Ryno, Jr.
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362-2506
Fax: (866) 351-3309

_Billy G. Seward_
Billy G. Seward
c/o Second Opinion Services
10341 Folsom Blvd. # 102
Rancho Cordova, CA 95670
(916) 362-2506
Fax: (866) 351-3309

_Matthew Pallone_
Matthew Pallone
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362-2506
Faz: (866) 351-3309

_Kodjovi M. Haden_
Kodjovi M. Haden
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362- 2506
Fax: (866) 351-3309

Ex. A 3

*(signature)*
Obriant Webb
c/o Second Opinion Services
10341 Folsom Blvd., #102
Rancho Cordova, CA 95670
(916) 362-2506
Fax: (866) 351-3309

## VERIFICATION

I, R. D. Ryno, Jr., declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 1-28-2007

*(signature)*
R. D. Ryno, Jr.

I, Billy George Seward, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 1-28-2007


Billy George Seward

I, Matthew Pallone, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 1/28/07

*(signature)*
Matthew Pallone

I, Kodjovi Martial Haden, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 01-28-07

*(signature)*
Kodjovi Martial Haden

I, Obriant Webb, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 1-28-07

*(signature)*
Obriant Webb

EX. A 4

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing petition was provided to the Clerk of the Court by placing a copy in the inmate mail box on the 28th day of January, 2007, (Certificate number 7000 1670 0004 8773 3971), with first class postage affixed to 333 Constitution Ave. N.W., Washington, D. C. 20001

_R. D. Reynofr_ R. D. Ryno Jr.
_Billy Seward_ Billy G. Seward
_Matth. O. Qu_ Matthew Pallone
_[signature]_ Kodjovi Haden
_Obriant Webb_ Obriant Webb

Page 5 of 5

Ex. A 5



Kodjovi Haden 33457-177
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159-9000

Exhibit B

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>Clerk of the Court<br>US DC District of Columbia<br>333 Constitution Ave. N.W.<br>Washington, D.C. 20001 | D. Is delivery address different from item 1? ☐ Yes<br>  If YES, enter delivery address below: ☐ No<br><br>RECEIVED<br>FEB - 5 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7000 1670 0004 8173 3971 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

Ex. B2