**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

JUN 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **R.D. RYNO, Jr.,** *et al.*, | ) | |
| | ) | |
| **Petitioners,** | ) | |
| | ) | |
| v. | ) | **Civ. Action No. 06cv0671 (RJL)** |
| | ) | |
| **UNITED STATES ATTORNEY,** *et al*, | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM AND TRANSFER ORDER**
(June 26 , 2007)[#8]

R.D. Ryno, Billy George Seward, Matthew Pallone, Kodjovi Marshall Haden, and

Obriant Webb have petitioned this Court for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.  Currently before the Court is the Government's motion to transfer the

petition to the United States District Court for the Northen District of Texas.  For the

following reasons, the Government's motion is GRANTED.

**BACKGROUND**

The petitioners in this case were convicted in either 2005 or 2006 in the United

States District Court for the Northern District of Texas of various unrelated offenses, yet

have filed a single, joint petition styled as a writ of habeas corpus.[1]  On April 12, 2006,

---

[1] On May 8, 2006, petitioner Ryno was convicted by a jury in the United States District
Court for the Northern District of Texas of one count of failure to appear, in violation of 18
U.S.C. §§3146(a)(2) and (b)(A)(ii) in Crim. No. 97-00262.  On August 1, 2006, petitioner Ryno
was sentenced to a term of imprisonment of 18 months to run consecutive to the sentence
imposed in Crim. No. 95-357, followed by a term of 3 years supervised release.  On August 8,
2006, petitioner Ryno filed a timely notice of appeal.  (Govt's Mot. to Transfer at 1-2.)

petitioners filed a claim for relief from their respective convictions pursuant to 28 U.S.C.

§ 2255 by claiming that the United States District Court for the Northern District of Texas

lacked venue and subject matter jurisdiction over their respective criminal cases. The

Government moved to transfer petitioners' claims to the Northern District of Texas on

January 5, 2007.

---

On February 2, 2006, petitioner Seward pled guilty in the United States District Court for the Northern District of Texas to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) in Crim. No. 04-00023. On May 17, 2006, petitioner Seward was sentenced to an aggregate term of imprisonment of 120 months, followed by a term of 4 years supervised release. On May 17, 2006, petitioner Seward filed a timely notice of appeal. (*Id.* at 2.)

On March 14, 2006, petitioner Pallone pled guilty in the United States District Court for the Northern District of Texas to one count of conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846, in Crim. No. 05-00186. On November 27, 2006, petitioner Pallone was sentenced to a term of imprisonment of 132 months, followed by a term of 5 years supervised release. (*Id.* at 2.)

On December 14, 2005, petitioner Haden was convicted by a jury in the United States District Court for the Northern District of Texas of one count of conspiracy, in violation of 18 U.S.C. § 371, two counts of making and possessing a counterfeited security, in violation of 18 U.S.C. § 513(a), one count of counterfeiting securities of the United States, in violation of 18 U.S.C. § 471, one count of possession of false identification documents, in violation of 18 U.S.C. § 1028(f), and one count of aggravated identity theft, in violation of 18 U.S.C. §1028A in Crim. No. 05-00109. On March 9, 2006, petitioner Haden was sentenced to an aggregate term of imprisonment of 132 months, followed by a term of 3 years supervised release, and was ordered to pay $292,400 in restitution. On March 20, 2006, petitioner Haden filed a timely notice of appeal. (*Id.* at 2-3.)

On September 28, 2005, petitioner Webb was found guilty by a jury in the United States District Court for the Northern District of Texas of one count of conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846 in Crim. No. 04-00334. On March 13, 2006, petitioner Webb was sentenced to a term of imprisonment of 212 months, followed by a term of 5 years supervised release. On March 20, 2006, petitioner Webb filed a timely notice of appeal. (*Id.* at 3.)

Pursuant to the Government's motion, on January 8, 2007, this Court issued a Minute Order that notified petitioners that the Court intended to construe their petition as a motion to vacate, and warned petitioners that this recharacterization would subject any subsequent § 2255 motions that challenge the same convictions or sentences to the restrictions on "second or successive" motions. (Minute Order of Jan. 8, 2007); *see United States v. Castro*, 540 U.S. 375 (2003); *United States v. Palmer*, 296 F.3d 1135 (D.C. Cir.2002). The Court granted petitioners thirty days from the date of that Order to withdraw their petition or to file an amended proceeding pursuant to § 2255. (Minute Order of Jan. 8, 2007.) The Court stated that unless it received a request to withdraw the petition or an amended pleading filed pursuant to § 2255, the Court would, without further notice, construe the petition as a motion to vacate filed pursuant to § 2255 and grant the motion to transfer to the United States District Court for the Northern District of Texas. (*Id.*)

After this Order was issued, on February 5, 2007, petitioner R. D. Ryno, Jr. moved to dismiss his petition, and this Court dismissed his petition without prejudice on February 7, 2007. (Ryno Mot. Dismiss; Minute Order of Feb. 7, 2007.) In contrast, on February 20, 2007, the remaining petitioners filed a "Judicial Notice" with this Court indicating that they were *not* voluntarily dismissing their petitions and that they objected to this Court's construal of their petition as a § 2255 motion. (*See* Petrs' Judicial Notice of Feb. 20, 2007.)

**ANALYSIS**

As petitioners have challenged the validity of their sentences rather than the manner in which those sentences have been executed, the Court will construe their petition as one brought under § 2255 rather than § 2241. *Thorpe v. United States*, 445 F. Supp. 2d 18, 20 (D.D.C. 2006) (quoting *Hartwell v. U.S.*, 353 F. Supp. 354 (D.D.C. 1972) ("It is settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement.")). A petition to vacate a petitioner's sentence under § 2255 must be filed in the district that imposed the sentence. 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct sentence.") As petitioners were sentenced by the United States District Court for the Northern District of Texas, their petitions should have been filed with the Northern District of Texas.

Additionally, petitioners have made a claim for declaratory relief, presumably pursuant to the Declaratory Judgment Act. However, it is well settled that the Declaratory Judgment Act is not a proper means by which to attack the validity of a conviction or sentence. *See LoBue v. Christopher*, 82 F.3d 1081, 1082 (D.C. Cir. 1996) (holding that a declaratory judgment suit cannot substitute for a habeas action); *Clark v. Memolo*, 174

4

F.2d 978, 981 (D.C. Cir. 1949) (holding that an "action for declaratory judgment is not suitable and does not lie . . . as a substitute for a motion to vacate or to correct the sentence in the court where it was imposed"). In this case, because petitioners are challenging the validity of their convictions and sentences, relief is not available pursuant to the Declaratory Judgment Act, but may only be brought pursuant to 28 U.S.C. § 2255 in the district court that sentenced them.

Accordingly, because this petition constitutes petitioners' first § 2255 motion, the Court will GRANT the Government's motion and TRANSFER the petition of Billy George Seward, Matthew Pallone, Kodjovi Marshall Haden, and Obriant Webb to the United States District Court for the Northern District of Texas.

RICHARD J. LEON
United States District Judge