# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 07-5176**  **September Term, 2007**

06cv00671
Filed On: November 27, 2007

[1082559]

R. D. Ryno, Jr.,
    Appellee

Billy G. Seward, et al.,
    Appellants

v.

U.S. Attorney and United States District Court for the
Northern District of Texas,
    Appellees

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 1/24/08
BY: _____, Deputy Clerk
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

**BEFORE:**   Sentelle, Rogers, and Garland, Circuit Judges

## O R D E R

Upon consideration of the motion to dismiss and the opposition thereto, it is

**ORDERED** that the motion to dismiss be granted. This court lacks jurisdiction over the district court's order denying the motion for entry of judgment in appellants' favor because the order did not end the litigation on the merits and therefore is not final. See 28 U.S.C. § 1291; Peralta v. U.S. Attorney's Office, 136 F.3d 169, 173 (D.C. Cir. 1998); see also Coleman v. Stanziani, 735 F.2d 118, 120 (3rd Cir. 1984). It is

**FURTHER ORDERED** that, to the extent appellants' opposition to the motion to the dismiss could be construed as a petition for a writ of mandamus challenging the district court's transfer of their petition to another district court, the petition for a writ of mandamus is denied. The district court did not abuse its discretion, see In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988) (per curiam), by transferring appellants' petition to the United States District Court for the Northern District of Texas, which imposed appellants' sentences. See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

# United States Court of Appeals
### For The District of Columbia Circuit

**No. 07-5176**  **September Term, 2007**

of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**